Nat **TARNOPOL** et al., Plaintiffs,

v.

**FEDERAL BUREAU OF INVESTIGATION** et al., Defendants.

Civ. A. No. 76–1742.

United States District Court, District of Columbia.

Sept. 30, 1977.

Michael B. Pollack, New York City, S. G. Lippman, Irwin Mininberg, Washington, D.C., for plaintiffs.

Earl J. Silbert, U.S. Atty., Robert N. Ford, David R. Schlee, Asst. U.S. Attys., Washington, D.C., for defendants.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

This case is presently before the Court on cross-motions for summary judgment. Pursuant to the Freedom of Information Act [FOIA], 5 U.S.C. § 552, plaintiffs seek from the Federal Bureau of Investigation, the Internal Revenue Service, and the Department of Justice certain documents that pertain to or make reference to the plaintiffs. The documents sought from the Department of Justice are in the possession of the Offices of the United States Attorneys for the District of New Jersey and for the Southern District of New York. Plaintiffs have exhausted their administrative remedies.

Three categories of documents are now in dispute: (1) two FBI documents, which were provided to plaintiffs with certain portions withheld pursuant to exemptions 7(C) and 7(D) of the FOIA, 5 U.S.C. §§ 552(b)(7)(C) & (D); (2) one report of the IRS Inspection Division, which was recently released to the plaintiffs with certain portions withheld pursuant to exemptions 3, 7(C), and 7(D), 5 U.S.C. §§ 552(b)(3), (7)(C), & (7)(D); and (3) the documents in the United States Attorneys' Offices and the remaining IRS documents, all of which have been withheld in their entirety pursuant to exemption 7(A), 5 U.S.C. § 552(b)(7)(A). For the reasons hereinafter stated, the Court will grant defendants' mo-

tion for summary judgment with respect to the FBI and IRS Inspection Division documents, but will deny both parties' motions for summary judgment with respect to the documents in the United States Attorneys' Offices and the remaining IRS documents.

A. *All Portions of the FBI and IRS Inspection Division Documents Not Released to Plaintiffs Were Properly Withheld Pursuant to Exemption 7(C).*

As noted above, the FBI has invoked exemptions 7(C) and 7(D) as the basis for withholding certain portions of the documents from the plaintiffs, and the IRS has invoked exemptions 3, 7(C), and 7(D) as the basis for withholding certain portions of the Inspection Division Report sought by plaintiffs. With respect to these withheld portions, both the FBI and IRS have submitted affidavits in conformance with the requirements in this circuit, as established by *Vaughn v. Rosen,* 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), *Phillippi v. CIA,* 178 U.S. App.D.C. 243, 546 F.2d 1009 (1976), and other similar cases. The Court has carefully considered these affidavits, as well as the arguments of counsel. The Court concludes that no material facts are in dispute with respect to these withheld portions, and that defendants are entitled to summary judgment as a matter of law with respect to these documents.

Exemption 7(C) of the FOIA permits the withholding of "investigatory records compiled for law enforcement purposes, . . to the extent that the production of such records would . . . (C) constitute an unwarranted invasion of personal privacy." Defendants assert that the FBI and IRS Inspection Division documents here in issue are "investigatory records compiled for law enforcement purposes." Plaintiffs have not, nor could they in good faith, dispute this characterization of these documents. Thus, the sole question before the Court with respect to defendants' invocation of exemption 7(C) is whether release of the documents in issue would "constitute an unwarranted invasion of personal privacy."

In determining whether the release of any withheld document would "constitute an *unwarranted* invasion of personal privacy," a court must consider and balance both the public and the private interests in disclosure as compared with nondisclosure. *See Deering Milliken, Inc. v. Irving,* 548 F.2d 1131, 1136 (4th Cir. 1977); *Tax Reform Research Group v. IRS,* 419 F.Supp. 415 (D.D.C.1976); *Luzaich v. United States,* 435 F.Supp. 31 (D.Minn.1977). *Cf. Department of Air Force v. Rose,* 425 U.S. 352, 372–73, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). This requires the Court to assess the severity of the invasion of privacy that release of the withheld portions would cause and the public interest in disclosure of the withheld information. With this framework in mind, the Court turns to consideration of the particular portions of the FBI and IRS Inspection Division Documents now being withheld pursuant to exemption 7(C).

*(1) The FBI Documents*

The affidavit of Special Agent Albert E. Hines provides a detailed explanation of and justification for the FBI's decision to withhold certain portions of the documents sought by plaintiffs. These documents have been identified by the FBI as investigative reports focusing on individuals other than the plaintiffs. The portions of the documents *not* released to plaintiffs contain: the names of the subjects of the investigative reports or other parties discussed in the reports (other than the plaintiffs) and identifying information concerning such subjects and parties; the names of the agents responsible for preparing the reports; and the name of the individual who furnished the FBI with information from the records of the New York Telephone Company.

There can be no doubt that the release of the withheld portions of the two FBI investigative reports here in issue would result in an invasion of the privacy of the parties referred to therein. Public disclosure of the fact that certain persons have been the subject of FBI investigation, or that other persons have associated with the subject(s)

of such investigations, would likely cause such persons embarrassment and perhaps even lead to their harassment. Similarly, identification of the agents who participated in the preparation of such investigative reports and of the individual who furnished the FBI with telephone information may cause such individuals to be harassed.

Against this privacy invasion must be weighed the public interest in the disclosure of such information. Plaintiffs have identified no particular interests other than their own personal curiosity that would be served by the release of such information, and the Court has been unable on its own to identify any substantial interests, either public or private, that would be served by the disclosure of the withheld portions of the FBI documents here in issue. Accordingly, the Court holds that defendants have sustained their burden of proving that the disclosure of these withheld portions would "constitute an unwarranted invasion of personal privacy," and the Court will therefore grant defendants' motion for summary judgment with respect to these documents.[1]

(2) *The IRS Inspection Division Report*

■ While the affidavit of Assistant Commissioner Warren A. Bates, which accompanied the release of the IRS Inspection Division report sought by plaintiffs, is not as detailed as that provided by the FBI, it certainly suffices to permit the Court to determine the appropriateness of defendants' invocation of the claimed FOIA exemptions. The Inspection Division report sought by plaintiff has been identified as a record compiled by the IRS in its investigation of possible corruption concerning certain IRS employees in the Manhattan District. The portions of the report *not* released to plaintiffs contain the following information: the identities of or identifying information about the particular Service employees who were the subject of the investigation; identifying information about persons who associated with these employees; and the identities of eight unrelated taxpayers.

For the same reasons that the Court sustained the FBI's invocation of exemption 7(C), the Court will sustain the IRS' invocation of this exemption in connection with the Inspection Division report sought by plaintiffs. Defendants have sustained their burden of proving that the release of the withheld information would likely cause an invasion of personal privacy, and there is neither a substantial public nor private interest in the release of the withheld information. Accordingly, the Court will also grant defendants' motion for summary judgment with respect to the report of the IRS Inspection Division.[2]

B. *The Appropriateness of Defendants' Invocation of Exemption 7(A) as the Basis for Withholding the Documents in the United States Attorneys' Offices and the Remaining IRS Documents Cannot be Determined Until the Defendants Submit for In Camera Inspection Detailed Affidavits.*

As the basis for withholding the documents in the United States Attorneys' Offices for the District of New Jersey and for the Southern District of New York and the remaining IRS documents, defendants have invoked exemption 7(A). Exemption 7(A) exempts from disclosure under the FOIA "investigatory records compiled for law enforcement purposes . . . to the extent that the production of such records would (A) interfere with enforcement proceedings." Defendants maintain that the release of the documents sought by the plaintiffs would interfere with pending and prospective criminal and civil enforcement pro-

1. In light of the Court's conclusion that the FBI properly invoked exemption 7(C) in withholding the contested portions of the documents here in issue, the Court has no occasion to address defendant's simultaneous invocation of exemption 7(D) as to certain withheld portions.

2. Again, since the Court concludes that the IRS properly invoked exemption 7(C) in withholding the contested portions of the Inspection Division report, the Court has no occasion to consider defendants' simultaneous invocation of exemptions 3 and 7(D) as to certain withheld portions.

ceedings against plaintiff Tarnopol by disclosing to him "the evidence which has been assembled against him, as well as that evidence which the Government has been unable to uncover [and] would reveal the precise direction and scope of the prosecution." (Defendants' Statement of Material Facts, ¶ 9 (July 1, 1977)).

Heretofore, the defendants have not submitted a detailed index of the withheld documents or a detailed justification corresponding thereto for the withholding. Defendants admit that in the run-of-the-mill FOIA case, such an index and justification should ordinarily be prepared and provided to the plaintiff and the court. *See Phillippi v. CIA*, 178 U.S.App.D.C. 243, 546 F.2d 1009 (1976); *Vaughn v. Rosen*, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973). They argue, however, that the instant case is exceptional in that the release of the index sought by plaintiffs would itself interfere with the Government's enforcement proceedings by providing plaintiffs with the very information that defendants assert is exempt under the FOIA.

Neither of the parties herein has provided the Court with persuasive authorities to support their countervailing positions. The Court has in its own research, however, discovered a recent decision by Judge Decker of the Northern District of Illinois, *Kanter v. IRS*, 433 F.Supp. 812, 820 (N.D.Ill.1977), which appears to be on point with regard to defendants' exemption 7(A) argument herein. In that case, Judge Decker agreed with the Government that

a detailed index would be a cure as perilous as the disease. Such an index would enable the astute defendants in the criminal case to divine with great accuracy the identity and nature of the information in the possession of the prosecution.

*Id.* at 820.

This Court agrees fully with Judge Decker that the Government should not be required to disclose a detailed index and justification in cases such as this where such disclosure would itself undermine the policies served by an exemption to the FOIA. *See Mead Data Corp. v. United States De-*

*partment of the Air Force*, 566 F.2d 242 at 261 (D.C.Cir. 1977) ("[A]gencies should not be forced to provide . . . a detailed justification that would itself compromise the secret nature of potentially exempt information.") This Court also agrees fully with Judge Decker that notwithstanding the aforestated conclusion, it is *not* sufficient for the Government to rely on summary affidavits that do not enable "the court to go beyond the labels which the defendants seek to apply" to the documents in issue, *id.* at 821; rather, the defendants must satisfactorily prove to the Court their "entitlement to the exemption" by demonstrating that they are "not seeking to withhold more than is absolutely necessary to satisfy the purposes of the exemption." *Id.* at 821.

The Court concludes that Judge Decker's solution to the problem posed by exemption 7(A) cases such as the present case is correct and appropriate and fully consonant with the purposes of the FOIA, and the Court will therefore follow his lead. Accordingly, the Court will order defendants to submit for *in camera* inspection within 30 days of the date of this Memorandum and accompanying Order a detailed index and corresponding justification for the withholding as required by the *Vaughn* and *Phillippi* cases, and by Judge Decker's opinion in the *Kanter* case. The Court will therefore deny the cross-motions for summary judgment insofar as they pertain to the documents withheld under exemption 7(A) without prejudice to renewal of such motions at the time the defendants submit the required affidavits for *in camera* review.

An Order in accordance with the foregoing will be issued of even date herewith.