**Paul KUEHNERT, Plaintiff,**

v.

**William WEBSTER, FBI, Director, Roy Klager, FBI, Special Agent in Charge of St. Louis Field Office, FBI, U. S. Dept. of Justice, and Griffin Bell, Attorney General of U. S., Defendants.**

**No. 78–1328C(1).**

United States District Court, E. D. Missouri, E. D.

June 8, 1979.

Toby H. Hollander, Hollander & Vaughan, St. Louis, Mo., for plaintiff.

Robert D. Kingsland, U. S. Atty., Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on plaintiff's motion to require detailed justification of the Government's refusal to disclose to him certain information. Defendants have moved for summary judgment after filing a detailed index, and plaintiff has moved for partial summary judgment. For the reasons stated below, the defendants' motion for summary judgment will be granted while the plaintiff's motions will be denied as moot.

This case arose after plaintiff requested information on him in Federal Bureau of Investigation (FBI) files. The FBI disclosed some documents in plaintiff's file but refused to disclose others. Plaintiff first brought an administrative appeal of the FBI decision and now brings this suit under the Freedom of Information Act. The information requested by plaintiff was compiled during the course of investigations by the FBI from 1969 to 1973 of activities by plaintiff.

After filing a detailed index and supporting affidavit describing the information deleted or withheld from disclosure, the Government now moves for summary judgment. It argues that all material withheld is exempt from disclosure under the Freedom of Information Act. This motion is opposed by plaintiff who also moves for partial summary judgment, claiming that the information not disclosed is not within the specific exemptions provided by the Act.

Information has been withheld by the FBI under exemptions to the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552(b)(2), (b)(7)(C) and (b)(7)(D). Sub-

section (b)(2) exempts from the duty to disclose information related solely to internal personnel rules and practices of an agency. Subsection (b)(7)(C) exempts investigatory records compiled for law enforcement purposes to the extent their production would be an unwarranted invasion of personal privacy. Subsection (b)(7)(D) exempts law enforcement investigatory records that would disclose the identity of a confidential source and, in a criminal investigation, confidential information furnished only by the confidential source.

The information that the FBI has found exempt from disclosure falls into six categories: (1) information on persons other than plaintiff who were mentioned in reports concerning the plaintiff, (2) leads or reference numbers on documents concerning other persons, (3) names of local law enforcement officials who furnished information to the FBI, (4) names of FBI agents, (5) names of non-law enforcement sources, and (6) information supplied by the sources that may identify the sources.

 The FBI index and affidavit disclose why certain information was deleted from the material disclosed to plaintiff. Although the basic purpose of the FOIA is to require full agency disclosure of much information, the Act clearly delineates certain exemptions to the rule. *Dept. of Air Force v. Rose*, 425 U.S. 352, 360–61, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1975). After reviewing the FBI index and affidavit, it is apparent that the six groups of information withheld are exempted from disclosure. (1) Information relating to other individuals contained in plaintiff's file is exempt from disclosure under subsection (b)(7)(C). (2) Leads or reference numbers relating to other individuals are also protected under (b)(7)(C). (3) Names of local law enforcement officials are exempt where, as here, there is no suggestion of a public gain by exposure that would warrant the disclosure of their names under (b)(7)(C) and (b)(7)(D). *Tarnopol v. F. B. I.,* 442 F.Supp. 5 (D.C.D.C. 1977). (4) FBI agents' names are properly withheld for the same reasons as those of local police. (5) The names of non-law en-

forcement sources are also exempt from disclosure under (b)(7)(C) and (b)(7)(D). (6) Information from a confidential source that could identify it is also exempted by (b)(7)(C) and (b)(7)(D). The information withheld from plaintiff is within the exemptions to the FOIA that reflect the Congressional intent to restrict public access to some law enforcement information. *See Cox v. U. S. Dept. of Justice,* 576 F.2d 1302, 1308 (8th Cir. 1978).

There remain no issues of material fact. Defendants are entitled to judgment as a matter of law. Rule 56 Fed.R.Civ.P. Summary judgment will be granted to defendants. Plaintiff's motions will be denied as moot.