FRUEHAUF CORPORATION, William E. Grace and Robert D. Rowan, Plaintiffs-Appellees,

v.

INTERNAL REVENUE SERVICE, Defendant-Appellant.

No. 74–1474.

United States Court of Appeals, Sixth Circuit.

Argued June 16, 1977.

Decided Nov. 30, 1977.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Richard F. Mitchell, Bennet N. Hollander, Civ. Tax Div., Dept. of Justice, Washington, D.C., Jane M. Edmisten, Myron C. Baum, Gilbert E. Andrews, Ernest J. Brown, Joseph L. Liegl, Philip M. Van Dam, U.S. Atty., Detroit, Mich., for defendant-appellant.

John L. King, Matthew C. McKinnon, Berry, Moorman, King, Lott & Cook, Detroit, Mich., William A. Barnett, Chicago, Ill., Milton J. Mehl, Fort Worth, Tex., Gerald C. Risner, Chicago, Ill., for plaintiffs-appellees.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

In *Fruehauf Corporation v. Internal Revenue Service*, 522 F.2d 284 (6th Cir. 1975), *vacated*, 429 U.S. 1085, 97 S.Ct. 1090, 51 L.Ed.2d 530 (1977), we affirmed an injunctive order of the United States District Court for the Eastern District of Michigan,

entered pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1970). The order required the Internal Revenue Service to make available to plaintiffs for inspection and copying four basic categories of documents involving certain aspects of the federal manufacturers excise tax imposed upon sales of automobiles and trucks. Generally the categories were:

1) All private letter rulings and technical advice memoranda the Internal Revenue Service issued with respect to a number of questions concerning price, constructive price, and coverage under Sections 4216, 4061 and 6416 of the Internal Revenue Code;

2) communications between the Internal Revenue Service and persons outside the Executive Branch of the Government with respect to these private letter rulings and technical advice memoranda;

3) so much of the Internal Revenue Service's letter ruling indexing systems as would enable the appellees to determine whether additional similar letter rulings and technical advice memoranda have been issued by the Service; and

4) Internal Revenue Service files, including correspondence, analyses and submissions of fact, concerning 23 published revenue rulings.

We held that former § 6103 of the Internal Revenue Code, 26 U.S.C. § 6103 (1970), *as amended,* 26 U.S.C.A. § 6103 (Supp.1977), did not exempt from disclosure these categories of documents under exemption three of the FOIA, 5 U.S.C. § 552(b)(3) (1970), *as amended,* 5 U.S.C.A. § 552(b)(3) (1977).[1] However, we noted that the district court reserved the right, after an *in camera* inspection, to deny disclosure of specific documents or portions thereof based on any of the FOIA exemptions. 522 F.2d at 287, 290.

The Supreme Court granted the government's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for further consideration in the light of the Tax Reform Act of 1976 (TRA), Pub.L. No. 94–455, 90 Stat. 1520. While we find some aspects of the Tax Reform Act to be applicable to these proceedings, we find nothing therein inconsistent with the order of the district court from which appeal is taken and accordingly reaffirm that order and remand for further proceedings.

■ Section 1201(a) of the TRA added a new § 6110 to the Internal Revenue Code of 1954, 26 U.S.C.A. § 6110 (Supp.1977), which authorizes public inspection of "written determinations" of the Internal Revenue Service and related "background file documents," in accordance with elaborate, specified procedures.[2] "Written determinations"

1. Former § 6103(a)(2) of the Internal Revenue Code stated:

    (2) All returns made with respect to the taxes imposed by chapters 1, 2, 3, 5, 6, 11, 12, and 32, subchapters B and C of chapter 33, subchapter B of chapter 37, and chapter 41, shall constitute public records and shall be open to public examination and inspection to such extent as shall be authorized in rules and regulations promulgated by the President.

Regulations promulgated by the President afforded only limited access to tax returns. We held that the trial judge erred in assuming that § 6103(a)(2) applied only to income tax returns, because the language expressly mentions taxes imposed under chapter 32, which relates to excise taxes. However, we decided that the four categories of documents did not fall within the Congressional meaning of "returns."

2. 26 U.S.C.A. § 6110 (Supp.1977) states in part:
    *(a) General rule.*—Except as otherwise provided in this section, the text of any written determination and any background file

document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe.
    *(b) Definitions.*—For purposes of this section—
    *(1) Written determination.*—The term "written determination" means a ruling, determination letter, or technical advice memorandum.
    *(2) Background file document.*—The term "background file document" with respect to a written determination includes the request for that written determination, any written material submitted in support of the request, and any communication (written or otherwise) between the Internal Revenue Service and persons outside the Internal Revenue Service in connection with such written determination (other than any communication between the Department of Justice and the

are defined to mean "a ruling, determination letter, or technical advice memorandum." With respect to these particular documents, Congress intended that § 6110 provide the exclusive means of public access, ruling out resort to the regular FOIA procedures. 26 U.S.C.A. § 6110(e) (1977); S.Rep.No.94–938, Part I, 94th Cong., 2d Sess. 314–15, *reprinted in* [1976] U.S.Code Cong. & Ad.News 3439, 3744.

In addition, § 6103 of the Internal Revenue Code was extensively amended by § 1202(a) of the TRA, effective January 1, 1977, to establish the general rule that "returns and return information shall be confidential" and not subject to disclosure, with carefully delineated exceptions. 26 U.S.C.A. § 6103 (Supp.1977).[3]

■ The first issue confronting us is to what degree, if any, the revised I.R.C. §§ 6103 and 6110 apply to this action. As to a case on direct review, the general rule is that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 162–65, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

Section 1201(b) of the TRA does in fact contain a statutory direction to the contrary:

(b) *Effect Upon Pending Requests.*— Any written determination or background file document which is the subject of a judicial proceeding pursuant to section 552 of title 5, United States Code, commenced before January 1, 1976, shall not be treated as a written determination subject to subsection (h)(1), but shall be available to the complainant along with the background file document, if requested, as soon as practicable after July 1, 1976.

"Subsection (h)(1)" refers to I.R.C. § 6110(h)(1), which is simply that portion of the section dealing with the release procedures for written determinations issued pursuant to a request made before November 1, 1976. The records sought by Fruehauf fall within this category.

Congress was concerned about the effect on pending lawsuits of inherent delays in the new § 6110 procedures. These earlier written determinations are to be released only as funds for that purpose have been appropriated and only in a prescribed order. 26 U.S.C.A. § 6110(h)(3) (Supp.1977). In addition, persons who have received such determinations can file suit to block disclosure, and persons requesting determinations must pursue administrative remedies and file suit to obtain additional disclosure of

Internal Revenue Service relating to a pending civil or criminal case or investigation) *received before issuance of the written determination.*

3. 26 U.S.C.A. § 6103(b) (Supp.1977) defines "return" and "return information" as follows:
   *(1) Return.*—The term "return" means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.
   *(2) Return information.*—The term "return information" means—
   (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax

withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
   (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110, but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

determinations or portions thereof which the Secretary declines to make public. 26 U.S.C.A. § 6110(h)(4), (f)(2), (f)(4) (Supp. 1977).

▮ We conclude that § 1201(b) of the TRA exempts this pending lawsuit from the procedural requirements of § 6110, insofar as "any written determination or background file document" is concerned. However, the other portions of the TRA, including the revision of § 6103, do apply to pending cases, as we do not read § 1201(b) or any portion of the legislative history as clearly indicating the contrary.[4]

▮ While not mentioned by the Supreme Court's remand order, we include in our reconsideration not only the TRA but a recent amendment to exemption three of the FOIA, 5 U.S.C.A. § 552(b)(3) (1977), *amending* 5 U.S.C.A. § 552(b)(3) (1970), contained in § 5(b) of the Government in the Sunshine Act, Pub.L. No. 94–409, 90 Stat. 1241, 1247, which was effective March 13, 1977.[5] While this amendment narrowed the exemption, we conclude that revised § 6103 does qualify as an exemption three statute, entitling the Internal Revenue Service to refuse to disclose "returns and return information." [6]

The government concedes that under § 1201(b) of the TRA it is required to disclose private letter rulings, technical ad-

---

4. The Senate debate shortly before enactment of the TRA supports this conclusion. One colloquy included the following:

> Mr. HANSEN. Mr. President, a question has arisen over the treatment of certain pending freedom of information cases under the new rules governing disclosure of private letter rulings and related materials under section 1201(a) of the bill, which adds section 6110 to the revenue code. I would be grateful if the chairman of the committee could advise me as to whether I am correct, Mr. President, in assuming that under section 1201(b) of the bill, rulings, technical advance memorandums, background files, indexes, and card files which were or are the subject of a judicial proceeding under the Freedom of Information Act are not made subject to these new rules on disclosure? In other words, are cases such as Fruehauf Corp. against Internal Revenue Service, Supreme Court docket 75–679, in any way adversely affected by the changes contained in section 1201(a) of the bill by reason of section 1201(b)?
>
> Mr. LONG. [Chairman of the Senate Finance Committee]. Mr. President, in answer to the Senator's question, if the Supreme Court or other Federal court, in a pending freedom of information case, affirms a taxpayer's right to disclosure of private letter rulings, technical advance memorandums, background files, indexes and card files, or other related communications, and correspondence, section 1201(b) assures that section 1201(a) will in no way impede or deter the court ordered disclosure as to all the information sought in the pending cases. Similarly, if a pending freedom of information case is decided against the taxpayer, the taxpayer must look to the new law for its disclosure rights.

122 Cong. Rec. S16023 (daily ed. Sept. 16, 1976). It is evident the Chairman of the Senate Finance Committee understood that § 1201(b)

would exempt pending suits from the provisions of § 1201(a), which added the new I.R.C. § 6110. However, there was no reference to § 1202(a) of the TRA, revising I.R.C. § 6103, and therefore no reason to believe that it would be inapplicable to any pending action on its January 1, 1977 effective date. A similar colloquy occurred in the House of Representatives. 122 Cong. Rec. H10235–36 (daily ed. Sept. 16, 1976) (remarks of Rep. Duncan).

5. Exemption 3 formerly stated that disclosure was not required for matters that are "specifically exempted from disclosure by statute." 5 U.S.C. 552(b)(3) (1970). The amended statute now states:

> (b) This section does not apply to matters that are—
>
> .   .   .   .   .
>
> (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.   .   .   .

5 U.S.C.A. § 552(b)(3) (1977).

6. In general the language of § 6103 contains a mandatory requirement that returns and return information be withheld from the public. Thus the statute meets the § 552(b)(3)(A) criterion that records be withheld "in such a manner as to leave no discretion on the issue." There are certain exceptions which authorize the agency to use its discretion in releasing these documents, when they are requested by specified persons. *E.g.,* 26 U.S.C.A. § 6103(c), (e)(6) (1977). It does not appear that these subsections are relevant to the particular plaintiffs in this case. *See generally* J. O'Reilly, Federal Information Disclosure §§ 13.01–13.04, 13.08 (1977).

vice memoranda, and related background file documents. These items comprise the first two categories of documents sought by the plaintiffs. The government informed the court that it had completed delivery of all items in these categories, after deleting certain kinds of information listed in 26 U.S.C.A. § 6110(c) (Supp.1977).

Remaining at issue are the two final categories of documents. The Internal Revenue Service urges that they fall within the definition of "return information" under revised § 6103 of the Internal Revenue Code and hence are exempted from disclosure under the FOIA. Fruehauf argues that the indexing systems and the background files of certain published revenue rulings are encompassed within the meaning of written determinations or background file documents under § 1201(b) of the TRA.

From samples of the indices submitted by the government to the plaintiffs, it is clear that they are in substance merely condensations of the rulings and technical advice memoranda already made disclosable by § 6110. Individual card entries are filed either alphabetically by taxpayers' names or by subject matter.

We tend to think that the indices are encompassed by the § 6110 definition of "written determinations," and thus disclosable under § 1201(b) of the TRA. While they are not in fact the precise documents transmitted to taxpayers, their essence is the same. Even if the indices are not technically within that definition, we conclude that they are not exempted "return information" under revised § 6103. While such documents fall within the literal language "any other data . . . prepared by the Secretary with respect to . . . the determination of . . . liability," nondisclosure would simply be at odds with the statutory scheme. Section 6103 is con-

cerned foremost with protecting tax *returns* and information directly related thereto. The government does not argue that the indexing systems in question are summaries of returns. While return information does extend to "other data" concerning the existence of tax liabilities, we see no good reason for exempting indices when the more detailed documents themselves are not exempt and must be opened to public inspection.

To support its contention, the government relies upon one sentence of the Senate Finance Committee Report concerning the TRA, which stated that "it is not contemplated that existing IRS indices will be disclosed." S.Rep.No.94–938, Part I, 94th Cong., 2d Sess. 306, *reprinted in* [1976] U.S. Code Cong. & Ad.News 3439, 3736. However, we think that this quotation was taken out of context.

Section 6110 makes a distinction between some documents that will be automatically open for inspection in public reading rooms and others that will be available for inspection only upon a specific written request. The Committee intended that a prospective subject matter index would be placed in such public areas. We think that the mention of "existing" indices was a reference to this distinction and was not intended to prevent an individual's inspection of such indices upon a written request.[7] Thus we hold that the letter ruling indices as a category must be made available to the plaintiffs.

We turn to the final category of documents composed of background files of certain published revenue rulings. The government argues that the disclosure provisions of § 6110 do not affect rulings that have been published or their background files, and that such items are included with-

---

7. For example, all written determinations issued pursuant to a request made after October 31, 1976 will be placed in public reading rooms. 26 U.S.C.A. § 6110(a) (1977); S.Rep.No.94–938, Part I, 94th Cong., 2d Sess. 306, *reprinted in* [1976] U.S.Code Cong. & Ad.News 3735. However, any background file document relating to those written determinations will be available

only upon a written request. 26 U.S.C.A. § 6110(e) (1977); S.Rep.No.94–938, *supra*, at 310. In addition, certain written determinations issued before July 5, 1967 will likewise be available only upon a written request. 26 U.S.C.A. § 6110(h)(3) (1977); S.Rep.No.94–938, *supra*, at 311.

in the definition of exempted "return information" in § 6103. We find these contentions to be altogether without merit. The statute clearly contemplates that the request for a written determination, any written material submitted in support of the request, and any communication, written or otherwise, between the IRS and persons outside the IRS in connection with the determination, shall be available to the public. Because a determination is expressly defined to include "a ruling," with no distinction between those published and those which are not, the plaintiffs are clearly entitled to the category of materials defined in § 6110(b). Insofar as these files contain other records, we earlier noted that § 6103 or other exemptions may be found to apply to a specific document. 522 F.2d at 290.

In conclusion we find nothing in the amendments to the Internal Revenue Code or the Freedom of Information Act requiring a vacation or modification of the district court order. We reaffirm our decision that on a categorical basis the plaintiffs are entitled to the four kinds of documents they seek. However, the order permits the government to assert that a specific document, or portion thereof, need not be disclosed by reason of one of FOIA exemptions.

Because the provisions of § 6110 are not applicable to this action, the authority for disclosure of their documents and the procedures to be followed are still found in the FOIA, 5 U.S.C.A. § 552 (1977). While the district court may in its discretion permit the agency to make initial deletions of exempted material, as the IRS has already done with respect to documents in the first

two categories, § 552(a)(4)(B) empowers the court to determine such matters de novo with an *in camera* examination of the full contents of the disputed records.[8] As we noted in our original opinion, the FOIA permits "practical alternative remedies to an onerous document-by-document *in camera* inspection by the trial judge." 522 F.2d at 292.

For guidance in the future proceedings, we observe that § 6103 includes within the term return information "any part of any written determination or any background file document . . . which is not open to public inspection under section 6110." 26 U.S.C.A. § 6103(b)(2)(B) (1977). Thus the § 6103 definition incorporates those portions of written determinations exempted from disclosure under § 6110(c). The government will therefore be entitled to assert that the matters listed in § 6110(c) are exempted from disclosure in any document found in the four categories. This would include, for example, the names, addresses, and other identifying details of the person to whom a written determination pertains, whether the particular record is the determination itself or the summary of the determination on a card in the letter ruling indices.[9]

Affirmed.

---

**8.** While the plaintiffs protest the government's editing of the first two categories of documents, the district court retains the *in camera* inspection authority, which will provide an adequate means for challenging and reviewing any deletion.

**9.** Exemptions two through seven in § 6110(c) parallel exemptions one, three, four, six, eight, and nine in the FOIA, 5 U.S.C.A. § 552(b) (1977). Only exemption one in § 6110(c) has no exact counterpart in the FOIA. It generally

will require deletion in a written determination or background file document of the names, addresses, and other identifying details of the person to whom the determination pertains and of certain other persons. On the other hand, § 552(a)(2) provides for narrower deletions. An agency may delete identifying details in "statements of policy and interpretations which have been adopted by the agency," but only "to the extent required to prevent a clearly unwarranted invasion of personal privacy."