**ANHEUSER–BUSCH, INCORPORATED,**
**Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,**
**Defendant.**

Civ. A. No. 78–1326.

United States District Court,
District of Columbia.

July 24, 1980.

Bernard S. Bailor, Caplin & Drysdale, Washington, D.C., for plaintiff.

Michael Salem, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

HART, District Judge.

This cause has come on for hearing before this Court upon defendant's Motion for Summary Judgment. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter, "FOIA"), in which plaintiff Anheuser-Busch, Inc. seeks to enjoin defendant Internal Revenue Service (hereinafter, "IRS") from continuing to

withhold certain documents and records. The complaint was originally filed on July 19, 1978. On November 27, 1978, this Court granted defendant's Motion for Summary Judgment on the grounds that each of the documents sought by plaintiff was exempt from disclosure. At the time defendant brought the aforementioned motion, plaintiff was the subject of an investigation by the Criminal Investigation Division of IRS. Several months after defendant received the dismissal of the instant case, it was determined by IRS that the case which had been developed against plaintiff did not have sufficient likelihood of success to warrant further investigation. Defendant's Statement of Material Facts (hereinafter, "DSMF"), ¶ 16. At that time, the case was pending on appeal before the United States District Court of Appeals for the District of Columbia. Defendants informed the Court of Appeals of the change in the facts underlying plaintiff's claim. On July 27, 1979, the Court of Appeals remanded the case for further proceedings.

This action stems from a Freedom of Information Act request which was propounded upon defendant by letter dated March 15, 1978. DSMF, ¶ 1. In the intital response to plaintiff's request, 3,365 pages of material were released and approximately 12,000 pages remained at issue and were the subject of the litigation. Since that time, an additional 4,320 whole and 78 partial pages of documents have been made available for plaintiff's inspection and copying. DSMF, ¶ 19. This leaves approximately 6,937 pages of documents at issue.[1] DSMF, ¶ 19. There is no dispute as to the scope or terms of the current request.

This Court has considered the legal memoranda and arguments of counsel and the affidavits, depositions, and statements of material facts submitted therewith. It appears to this Court that no genuine issue exists as to any material fact. It also appears to this Court as follows:

■ I. *The material at issue is exempt from disclosure under the Internal Revenue Code (26 U.S.C. §§ 6103(a) and (e)(6)),*[2] *irrespective of any FOIA requirements.* Access to tax materials is governed solely by the dictates of the Internal Revenue Code. Therefore, FOIA is not applicable to the instant disclosure request. *Zale Corporation v. Internal Revenue Service*, 481 F.Supp. 486 (D.C.D.C. 1979). *Accord, Wolfe v. Internal Revenue Service*, 45 A.F.T.R.2d 80–1565 (Colo., March 14, 1980); *Cal–Am. Corporation v. Internal Revenue Service*, 45 A.F.T.R.2d 80–1576 (C.D.Cal., April 3, 1980); *Kanter v. Internal Revenue Service*, 46 A.F.T.R.2d 80–1676 (N.D.Ill., February 14, 1980); *Bernal v. Internal Revenue Service*, 46 A.F.T.R.2d 80–5040 (N.D.Cal., March 31, 1980); *Moody v. Internal Revenue Service*, 45 A.F.T.R.2d 80–1035, 80–

---

1. Defendant filed a Notice of Submission of Index on December 12, 1979. Known as a "*Vaughn* Index," this document discusses 237 of the withheld pages. This Index is not required for every document in a FOIA case. Such a pleading "is a device to enable the court to review effectively the agency's decision not to disclose, and is not a *per se* requirement of every" FOIA case. *Exxon Corp. v. Federal Trade Commission*, 384 F.Supp. 755 (D.C.D.C. 1976). The pages described in this Index are treated independently from the remaining 6700 pages at issue in this litigation. As to the indexed pages, this Court finds as follows: (1) Documents numbered 7, 8A, 8B, 8C, 8F, 18A, 106A, 106B, 107B, and 134 contain third party tax return information which is exempt from disclosure under 26 U.S.C. § 6103(a) (*Fruehauf Corp. v. Internal Revenue Service*, 566 F.2d 574, 6th Cir. 1977); (2) Documents numbered 15C, 42A, 42B, 104A, 110B(I), 110B(II), and 110BX are investigatory records whose disclo-

sure would "constitute an unwarranted invasion of personal privacy," and thus are exempt from disclosure under 5 U.S.C. § 552(b)(7)(C) (*Columbia Packing Co. v. United States Department of Agriculture*, 563 F.2d 495, 5th Cir. 1977). The body of this Order deals with the remaining 6700 pages at issue.

2. "No officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section." 26 U.S.C. § 6103(a)(1).

"Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determined that such disclosure would not seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(6).

1039, fn. 11 (D.C.D.C., February 28, 1980). 26 U.S.C. § 6103(e)(6) was intended by Congress to be the sole regulator of access to such materials. *Zale, supra.* Any construction of the interface between FOIA and § 6103(e)(6) other than the one set forth in *Zale* would produce the unseemly result of rendering Congress' passage of § 6103 a legislative futility.

Further, release of the material in question would "seriously impair tax administration." 26 U.S.C. § 6103(e)(6). Such a determination has a reasonable basis on the record. Disclosure of the material could seriously impair the civil tax examination of plaintiff's tax liability by prematurely revealing the substance of the examination to the subject of the examination. This in turn will impair IRS' ability to present its best case both during the administrative process as well as during litigation that may result from an IRS determination that additional taxes and penalties are due. Affidavit of IRS St. Louis District Director Richard C. Voskuil, ¶ 5; Affidavit of IRS Revenue Agent Rolland R. Hopson, ¶ 6.

■ II. *Alternatively, even if the Internal Revenue Code (26 U.S.C. § 6103) did not control as an independent non-disclosure statute, the material is exempt from disclosure under FOIA (5 U.S.C. § 552(b)(3).* Exemption (b)(3) protects from disclosure those documents and records which have been specifically prohibited from release under certain Federal anti-disclosure statutes.[3] 26 U.S.C. § 6103(e)(6)—specifically prohibiting the release of tax return information unless the IRS determines its release would not seriously impair tax administration—is such a Federal anti-disclosure statute. Admittedly, not all Federal anti-

disclosure statutes are "qualifying" statutes under Exemption (b)(3). *American Jewish Congress v. Kreps,* 187 U.S.App.D.C. 413, 574 F.2d 624 (1978). However, 26 U.S.C. § 6103(e)(6) is such a statute. Clearly, § 6103 refers to "particular types of matters to be withheld" and establishes "particular criteria for withholding." Insofar as § 6103 speaks to disclosability of "return information," the requisite reference to "particular types of information" has been satisfied, and IRS discretion to disclose these matters under (e)(6) is governed by the criterion of impairment of Federal tax administration.[4] *Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir. 1979), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). *Accord, Solomon v. Internal Revenue Service,* 45 A.F.T.R.2d 80–313 (D.C.D.C., November 7, 1979); *Barney v. Internal Revenue Service,* Civil Action 78–5100 (S.D., May 16, 1979); *Anastas v. Internal Revenue Service,* 79–2 U.S.T.C. 9510 (N.D.Cal., May 17, 1979).

Thus, upon consideration of defendant's Motion for Summary Judgment, the opposition and reply thereto, oral argument, and the entire record in this case, it is by this Court this 24th day of July, 1980,

ORDERED, that defendant's Motion for Summary Judgment be, and the same hereby is, granted; and it is further

ORDERED, that this action is dismissed.

---

3. "This section does not apply to matters that are . . . specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matter to be withheld." 5 U.S.C. § 552(b)(3).

4. This Court also finds that, if FOIA were held to apply to this material, defendant satisfies the

"*de novo* review of exemption determinations" requirement of 5 U.S.C. § 552(a)(4)(B). Further, defendant has complied with the explicit segregability requirement of 5 U.S.C. § 552(b). *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). It is clear that defendant has conducted at least four careful reviews of the documents at issue and has released segregable portions of many pages to plaintiff.