**Daniel P. HULSEY, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,
Defendant.**

**Civ. A. No. 3–80–0165–H.**

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 3, 1980.

618

Daniel P. Hulsey, pro se.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., Jefferson K. Fox, Tax Div., U.S. Dept. of Justice, Washington, D. C., for defendant.

## ORDER

SANDERS, District Judge.

This case is before the Court on cross–motions for summary judgment. The action stems from Plaintiff Hulsey's Freedom of Information Act (FOIA) request for access to various documents compiled by the Internal Revenue Service ("IRS") in the course of an ongoing criminal and civil investigation of Hulsey's federal tax returns for the years 1977, 1978, and 1979. The IRS initially responded by releasing to Plaintiff thirty–eight of the fifty–seven pertinent documents; disclosure of nineteen others was withheld, in whole or in part. The IRS sent Plaintiff an index of the nineteen withheld documents, with a brief description of each document and the applicable FOIA exemption under which it was withheld. Having exhausted administrative procedures Plaintiff Hulsey, acting *pro se*, filed this suit February 11, 1980, seeking disclosure (of the nineteen documents) and other relief.

Defendant filed a Rule 56 motion for summary judgment July 23, 1980. (The proper Defendant is the agency, *viz.*, "Internal Revenue Service", not the "Commissioner of Internal Revenue." 26 C.F.R. 601.702) Plaintiff Hulsey, on July 28, 1980, filed a three page document which this Court treats as (1) an answer to Defendant's motion for summary judgment, (2) cross–motion for summary judgment, and (3) a motion to require itemization and indexing of the withheld documents.

The Court has jurisdiction, and considers the summary judgment motions at this time pursuant to Local Rule 5.1(f) and 5.2. The Court has considered the entire record, including the pleadings, affidavits and memoranda on file, and is of the opinion that there is no genuine issue of material fact, and that Defendant is entitled to judgment as a matter of law.

Disclosure of federal income tax information is precluded by 26 U.S.C. § 6103(e)(6), unless a determination is made that such disclosure would not seriously impair federal tax administration. According to the uncontroverted affidavit of William F. Barlow, Acting District Director, Internal Revenue Service, Dallas District, the documents sought by Hulsey fall within the definition of return information in § 6103(b)(2), and release of the documents would seriously impair federal tax administration by disclosing to Hulsey the nature, scope and limits of the I.R.S.'s investigation. The uncontroverted affidavit of Gary A. Maberry, Special Agent, Criminal Investigation Division, Dallas District, Internal Revenue Service establishes that release of the documents would interfere with the ongoing investigation by revealing the identities of parties, potential witnesses, and potential evidence concerning possible criminal violations of the Internal Revenue Code by Hulsey.

■ The Court finds that release of the documents at issue would seriously impair federal tax administration. The specificity of the affidavits of Barlow and Maberry, as well as their personal knowledge concerning the investigation, convinces the Court that the decision not to disclose is neither arbitrary nor capricious.

■ When 26 U.S.C. § 6103 is asserted as a defense to disclosure it takes precedence over FOIA when access to return information is sought. Section 6103 is viewed as the sole standard governing release of tax information. *Zale Corporation v. Internal Revenue Service*, 481 F.Supp. 486 (D.D.C. 1979). The documents are therefore exempt from disclosure under Section 6103 of the Internal Revenue Code of 1954, (26 U.S.C. § 6103), as amended, irrespective of any FOIA requirements.

Alternatively, the documents are exempt from disclosure under FOIA Exemption 3 (5 U.S.C. § 552(b)(3)); the subsections of Section 6103 establish particular criteria for withholding and refer to particular types of

matter to be withheld; 26 U.S.C. § 6103 qualifies as a statute which prohibits disclosure under 5 U.S.C. § 552(b)(3). *Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir. 1979), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979).

Finally, disclosure would interfere with enforcement proceedings of the IRS and the documents are exempt from disclosure under 5 U.S.C. § 552(b)(7)(A).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Defendant's Motion for Summary Judgment is GRANTED; that Plaintiff's Motion for Summary Judgment is DENIED; that Plaintiff's Motion to Require Indexing and Itemization is DENIED; and that this action is DISMISSED with prejudice at Plaintiff's cost.