**Jay B. WHITE, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

Civ. A. No. C80–53.

United States District Court, N. D. Ohio, E. D.

Sept. 15, 1981.

Earle C. Horton, William T. Wuliger, Cleveland, Ohio, Floyd B. Oliver, Lebanon, Ohio, White, Milano & Miller, Cleveland, Ohio, for plaintiff.

James C. Lynch, Cleveland, Ohio, Michael J. Salem, Trial Atty., Tax Division, Dept. Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

KRUPANSKY, District Judge.

Plaintiff Jay B. White (White) has initiated this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the defendant Internal Revenue Service (IRS) to disclose 33 tax-oriented documents.[1] In response to White's initial request, the IRS provided 292 pages of material on September 20, 1979, 236 pages on February 2, 1981, and an additional 9 pages on March 25, 1981. Thirty-three documents are currently being withheld from disclosure by the IRS pursuant to allegations that the same are exempt from disclosure under the Internal Revenue Code of 1954, 26 U.S.C. § 6103, and/or pertinent provisions of FOIA.

■ To insure an effective judicial review of the IRS' decision not to disclose the instant documents to taxpayer White, this Court ordered the IRS to submit a Vaughn Index, to wit, "an index substantially similar to that described in the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564 [39 L.Ed.2d 873] (1974) and *Founding Church of Scientology, Inc. v. Bell*, 603 F.2d 945 (D.C. Cir. 1979)." The three indispensable elements of such an index are as follows:

1. The index should be contained in one document, complete in itself.

2. The index must adequately describe each withheld document or deletion from a released document.

3. The index must state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant. Of course the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA.

*Founding Church of Scientology, Inc., supra* at 949. *Accord: Carson v. U. S. Depart-*

---

1. Plaintiff's letter of August 31, 1979 requested the following:

 1. Documents, calculations or other materials pertaining to any alleged underpayment of tax for 1975 or 1976.

 2. Letters, documents, memoranda or other materials pertaining to the selection or method of selection by which the undersigned taxpayer was selected for investigation or audit.

 3. Letters, documents, memoranda or other materials pertaining to the mode and manner of conducting the above-mentioned investigation or audit, including those which explain how those agents who are or have been assigned to the taxpayer's case received their assignment.

*ment of Justice*, 631 F.2d 1008, 1016 (D.C. Cir. 1980); *Coastal Corp. v. Department of Energy*, 496 F.Supp. 57, 60–61 (D.Del.1980). The Vaughn Index submitted by IRS pursuant to this Court's Order satisfies these three criteria. Affidavits by IRS officers Everett Loury, Gary Ainley and Ewan Purkiss have been submitted in conjunction with the Vaughn Index.

Presently before the Court are the parties cross-motions for summary judgment. A review of the entire record, including the pleadings, affidavits and memoranda discloses that there is no genuine issue of material fact and that defendant IRS is entitled to judgment as a matter of law.

IRS maintains that all materials withheld constitute "return information" the disclosure of which is governed by 26 U.S.C. § 6103 as follows:

§ 6103. *Confidentiality and disclosure of returns and return information*

(a) *General rule.*—Returns and return information shall be confidential, and except as authorized by this title—

(1) no officer or employee of the United States,

(2) no officer or employee of any State or of any local child support enforcement agency who has or had access to returns or return information under this section, and

(3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), subsection (m)(4)(B), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

\* \* \* \* \* \*

(c) *Disclosure of returns and return information to designee of taxpayer.*—The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or *return information* with ·respect to such taxpayer, to such person or persons as the taxpayer may designate in a written request for or consent to such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person. However, *return information shall not be disclosed to such person or persons if the Secretary determines that such disclosure would seriously impair Federal tax administration.*

\* \* \* \* \* \*

(e)(7) *Return information.*—*Return information* with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer *if the Secretary determines that such disclosure would not seriously impair Federal Tax Administration.* (emphasis added)

█ Ample authority exists to support the proposition that § 6103 is the *sole* standard governing the disclosure or non-disclosure of tax return information notwithstanding FOIA. *Zale Corporation v. U. S. Internal Revenue Service*, 481 F.Supp. 486 (D.C.D.C.1979). *Accord: Hulsey v. IRS*, 497 F.Supp. 617 (N.D.Tex.1980); *Kanter v. IRS*, 496 F.Supp. 1004 (N.D.Ill.1980); *Anheuser-Busch, Inc. v. IRS*, 493 F.Supp. 549 (D.C.D. C.1980); *Chermack v. IRS*, Civil Action No. CA3–80–0164–C (N.D.Tex. Feb. 13, 1981); *Ashton v. Krutz*, Civil Action No. 78–822 (D.C.D.C. Feb. 10, 1981); *Brink v. IRS*, 1 G.D.S. 80–496 (E.D.Mo. July 17, 1980).[2]

---

**2.** Defendant IRS has also cited the following decisions but has not supplied the same for judicial examination herein:

*Ginter v. Williams*, 80–2 U.S.T.C. 85, 731 (E.D.Ark. Oct. 31, 1980); *U. S. v. First National Bank of Savannah*, 80–2 U.S.T.C. 85, 558 (W.D.Tenn. Sept. 4, 1980); *Holmes v.*

*IRS*, 46 A.F.T.R.2d 5562 (S.D.Cal. Aug. 7, 1980); *Cal-Am Corp. v. IRS*, 45 A.F.T.R.2d 1576 (D.C.Cal. Apr. 3, 1980); *Bernal v. IRS*, 46 A.F.T.R.2d 5040 (N.D.Cal. Mar. 31, 1980); *Wolfe v. IRS*, 45 A.F.T.R.2d 1565 (Colo. Mar. 14, 1980). *Contra, Tigar & Buffone v. Central Intelligence Agency*, Civil Action No. 80–

Particularly commanding in respect is the following summarization by Judge Gessell:

> For a court to decide that the generalized strictures of FOIA take precedence over this [§ 6103] subsequently enacted, particularized disclosure scheme would in effect render the tax reform provision an exercise in legislative futility. Absent an indication that Congress so intended, this Court will not imply such a prospective pre-emption by FOIA.

*Zale, supra* at 489. While these district court decisions are not binding on this forum, said authorities are persuasive legally and logically and are accordingly afforded great deference. These decisions limit judicial review to determine if the Secretary's acts were arbitrary or if he abused his discretion:

> The task that remains for the Court is simply to assure itself that the decision to withhold was not an arbitrary or unconscionable abuse of discretion.

*Zale, supra* at 490. *Accord: Anheuser-Busch, Inc., supra* at 551, wherein the Secretary's application of § 6103 and corresponding nondisclosure of return information was found to have a "reasonable basis on the record"; *Hulsey, supra* at 618, wherein the Court concluded that "the decision not to disclose is neither arbitrary nor capricious"; *Kanter, supra* at 1006, "The only question is whether the agency abused its discretion in deciding that disclosure of return information would seriously impair Federal tax administration". The *Zale* line of authority provides a limited standard of review of the Secretary's actions which is highly deferential.

 As aforenoted, IRS contends that disclosure of the instant documents is governed by § 6103 which states in pertinent part:

> (e)(6) RETURN INFORMATION.—*Return information* with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determines that such *disclosure would not seri-*

2382 (D.C.D.C. Feb. 23, 1980) (Motion for

*ously impair Federal tax administration.* (emphasis added)

Accordingly, non-disclosure is appropriate only if (1) said materials are comprised of "return information" and (2) the Secretary did not abuse his discretion in determining that "disclosure would [sic] seriously impair Federal tax administration". "Return information" is defined in 26 U.S.C. § 6103(b)(2) as:

> (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
>
> (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110, but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

It has been concluded in the federal forum that disclosure of such return information would "seriously impair Federal tax administration" if (1) such would "damage the investigation by prematurely revealing transactions being investigated, the scope and limits of the Government's knowledge, and specific evidence against (taxpayer), including statements of witnesses and informers and agency work papers", *Zale, supra*, 481 F.Supp. at 491; (2) such would

reconsideration pending).

"seriously impair the civil tax examination of (the taxpayer's) tax liability by prematurely revealing the substance of the examination to the subject of the examination. This in turn will impair the IRS' ability to present its best case both during the administrative process as well as litigation that may result . . .", *Anheuser-Busch, supra*, 493 F.Supp. at 551; (3) such would disclose "the nature, scope and limits of the I.R.S.'s investigation . . . by revealing the identity of parties, potential witnesses, and potential evidence concerning possible criminal violations of the Internal Revenue Code . . .", *Hulsey, supra*, 497 F.Supp. at 618; *accord, Chermack, supra* at 2. A thorough review of the Vaughn Index which summarizes the contents of the 33 documents at issue with sufficient specificity clearly reveals that each document, with the possible exception of Document No. 15 which is hereinafter discussed within the context of another exemption, is comprised either entirely or in part of "return information". The affidavits of IRS officers Everett Loury, Gary Ainley and Ewal Purkiss, when considered in conjunction with the Vaughn Index, also clearly demonstrate that the Secretary's determination not to disclose said documents is neither arbitrary nor capricious. The record sufficiently demonstrates that revelation would very possibly "seriously impair" the impending White investigation. Accordingly, nondisclosure is proper under § 6103 irrespective of FOIA pursuant to the *Zale* line of authority and scope of judicial review established therein.

Plaintiff White, however, maintains that the *Zale* line of authority improperly adopts a deferential and limited scope of judicial review and in opposition thereto directs the Court's attention to a second line of authority which adopts a more stringent judicial review of an agency's decision to prohibit FOIA disclosure. This second line of authority has addressed the interrelationship between § 6103 and FOIA by considering the former subject to but exempt from the latter. The particular FOIA exemption is 5 U.S.C. § 552(b)(3) which provides:

(b) This section does not apply to matters that are—

 * * * * * *

(3) specifically exempted from disclosure by statute . . . provided that such statute

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld

Several decisions have concluded that § 6103, which governs disclosure of "return information", is a "statute" within the purview of § 552(b)(3) and as such is exempt from the disclosure requirements of FOIA. *See: Chamberlain v. Kurtz*, 589 F.2d 827, (5th Cir. 1979), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Breuhaus v. IRS*, 609 F.2d 80 (2d Cir. 1979); *Hulsey v. IRS*, 497 F.Supp. 617, 619 (N.D. Tex.1980); *Cliff v. IRS*, 496 F.Supp. 568, 571 (S.D.N.Y.1980); *Moody v. IRS*, 527 F.Supp. 535 (D.D.C.1980); *Grenier v. IRS*, 449 F.Supp. 834, 840 fn. 22 (D.C.Md.1978); *Solomon v. IRS*, 45 A.F.T.R.2d 353, 355 (D.C.D.C. Nov. 7, 1979); *Anastas v. IRS*, 79–2 U.S.T.C. 87,834, 87,836 (N.D.Cal. May 17, 1979).

Unlike the *Zale* decisions, however, these authorities have noted that since § 6103 is subject to FOIA, an affirmative burden of demonstrating that non-disclosure is appropriate is placed by FOIA on the agency seeking to sustain the decision to withhold information. § 552(a)(4)(B) establishes this burden of proof:

On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case, the *court shall* determine the matter *de novo*, and may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the *burden is on the*

*agency to sustain its action.* (emphasis added)

See *Chamberlain, supra* at 841; *Parke Davis & Co. v. Califano,* 623 F.2d 1, 6 (6th Cir. 1980); *Hawkes v. IRS,* 467 F.2d 787, 792 (6th Cir. 1972); *Vaughn v. Rosen,* 484 F.2d 820, 823 (D.C. Cir. 1973). White maintains that this burden of proof has not been satisfied by IRS. This Court disagrees. The Vaughn Index and affidavits relating thereto not only satisfy the burden of demonstrating that the Secretary's decision was not arbitrary or capricious as adopted by the *Zale* line of authority, but such further satisfies the more difficult burden established in § 552(a)(4)(B). As aforenoted, both the Vaughn Index and affidavits of IRS officers address each document in sufficient detail for this Court to determine *de novo* that said documents are comprised of return information and that revelation would most probably seriously impair the IRS' impending civil and criminal tax investigations of White. An *in camera* inspection of the instant documents is unnecessary pursuant to the submission by IRS of such a detailed Vaughn Index, a device judicially created to promote expedience of FOIA actions and appropriately applied in this litigation.

Further, many of the 33 documents or portions thereof are additionally exempt from FOIA disclosure pursuant to other exemption provisions of 5 U.S.C. § 552(b) which states in pertinent part:

(b) This section does not apply to matters that are—

 \* \* \* \* \* \*

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

 \* \* \* \* \* \*

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would

 (A) interfere with enforcement proceedings,

 \* \* \* \* \* \*

(C) constitute an unwarranted invasion of personal privacy

▪ Exemption provision § 552(b)(7)(A) is applicable to documents compiled in investigations relating to potential civil or criminal tax liabilities. *Williams v. IRS,* 479 F.2d 317, 318 (3d Cir. 1973), *cert. denied, sub nom., Donlon v. IRS,* 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973); *Pope v. U. S.,* 599 F.2d 1383, 1386 (5th Cir. 1979); *B & C Tire Co. v. IRS,* 376 F.Supp. 708, 713 fn. 11 (N.D.Ala.1974); *Luzaich v. U. S.,* 435 F.Supp. 31, 34 (Minn.1977), *aff'd without opinion,* 564 F.2d 101 (8th Cir. 1977). Accordingly, 32 documents (all but No. 8) are exempt from FOIA disclosure pursuant to § 552(b)(7)(A), since revelation would alert taxpayer White to the scope of the investigation, its direction, limits, types of sources of information and investigative techniques.

Exemption provision § 552(b)(5) exempts disclosure of "inter-agency or intra-agency memorandums". The scope of this section has been aptly summarized as follows:

FOIA exemption 5 essentially embodies the privileges against discovery that have developed in modern agency civil litigation:

 \* \* \* \* \* \*

(ii) the attorney-client and attorney work-product privileges generally available to all litigants. *NLRB v. Sears, Roebuck & Co., supra,* 421 U.S. at 149, 95 S.Ct. at 1516.

 \* \* \* \* \* \*

To qualify for exemption 5, a record must be both "predecisional," in that it relates to a decision not yet reached rather than explains one already determined, and "deliberative," in that it represents part of the actual decision-making process rather than interprets existing decisions or policies or describes purely factual matters. (Cites omitted).

*Cliff, supra,* 496 F.Supp. at 575. *Accord: Kanter, supra,* 496 F.Supp. at 1006, wherein it is noted that exemption five encompasses both the attorney-client and attorney work product privileges, as well as the govern-

mental privilege that applies to "materials reflecting deliberative or policymaking processes . . .", citing *Environmental Protection Agency v. Mink*, 410 U.S. 73, 89, 93 S.Ct. 827, 837, 35 L.Ed.2d 119 (1973). Documents Nos. 12, 15, 19, 32 and 33 contain legal research which is both predecisional and deliberative and hence within exemption five.

■ FOIA exemption provision § 552(b)(7)(C) permits nondisclosure of investigatory records compiled for law enforcement purposes to the extent that such production would constitute an unwarranted invasion of personal privacy. This section may be utilized to prevent disclosure of the identities of third parties when such parties' privacy interest outweighs the public interest of disclosure. *See: Tarnopol v. FBI*, 442 F.Supp. 5 (D.C.D.C.1977); *Deering Milliken, Inc. v. Irving*, 548 F.2d 1131, 1136 (4th Cir. 1977). Such a balancing test when applied to the facts *sub judice* constrain this Court to conclude that Documents Nos. 1, 10, 17 and 28, which identify third parties who have expressed a willingness to provide the IRS with information in furtherance of the White investigation, are subject to exemption § 552(b)(7)(C).

In sum, this Court has conducted a careful examination of the IRS affidavits and the Vaughn Index which describes in sufficient specificity the documents currently being withheld from disclosure by the IRS. Therein it is evidenced that the IRS has satisfied its burden of demonstrating that these documents contain "return information" and that disclosure would "seriously impair Federal tax administration." Accordingly, all 33 documents are exempt from FOIA disclosure pursuant to 26 U.S.C. § 6103 and/or 5 U.S.C. § 552(b)(3). Further, 32 documents (all but No. 8) contain investigatory records compiled for law enforcement purposes and disclosure of the same would interfere with the enforcement proceedings of the IRS. As such, these 32 documents are exempt from FOIA disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). Documents Nos. 12, 15, 19, 32 and 33 contain legal research both predecisional and deliberative in nature and as such are addi-

tionally within the exemption provision of 5 U.S.C. § 552(b)(5). Last, Documents Nos. 1, 10, 17 and 28 identify third parties possessed of a privacy interest superseding any public interest of identity disclosure, and such are exempt under 5 U.S.C. § 552(b)(7)(C). All portions of all documents currently being withheld from disclosure are subject to at least one FOIA exemption.

In accordance with the foregoing, plaintiff's motion for summary judgment and/or *in camera* inspection is hereby denied, and defendant IRS' motion for summary judgment is hereby granted.

IT IS SO ORDERED.