**Paul V. WATSON, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. H–80–750.**

United States District Court,
S. D. Texas,
Houston Division.

May 3, 1982.

Jeffrey H. Hubbard, Jeffrey H. Hubbard & Assoc., Houston, Tex., for plaintiff.

Jose A. Berlanga, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This action arises from plaintiff's request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976), for documents and records pertaining to plaintiff's federal taxes for the period 1975 through the present. While approximately 356 pages of material relating to his request were provided to him, plaintiff administratively appealed the denial of the remainder of the documents. Plaintiff was deemed to have exhausted his administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C), when defendant failed to answer plaintiff's administrative appeal within the required time limits, and plaintiff filed this suit.

On April 3, 1981, this court ordered defendant to submit a *Vaughn*-type index of the documents remaining at issue in the case. This index was filed with the court on June 3, 1981. Meanwhile, on June 1, 1981, defendant released an additional 158 pages of material to plaintiff in whole or in part. There remains at issue 184 documents.

Now before the court is defendant's motion for summary judgment. This court, having considered the pleadings, affidavits, and memoranda on file, along with the *Vaughn*-type index of the documents at issue, is of the opinion that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

■ The disclosure of federal tax return information is governed by section 6103 of the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 6103. *Chermack v. IRS*, C.A. No. 80–0164–C (N.D.Tex. Feb. 13, 1981); *Hulsey v. IRS*, 497 F.Supp. 617 (N.D. Tex.1980); *Zale Corp. v. IRS*, 481 F.Supp. 486 (D.D.C.1979). When section 6103 is asserted as a defense to disclosure, it takes precedence over the FOIA. *Id.* Section 6103 precludes the disclosure of returns and return information unless it falls within one of the exceptions listed in section 6103.

■ At issue in this case are 184 documents that constitute "return information".[1] Of these, 150 are first-party return information (the return information of the plaintiff) and 34 are third-party return information. Section 6103(e)(7) authorizes

1. The definition of "return information" is set out in section 6103(b)(2):

   The term "return information" means—
   (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over-assessments, or tax payments, whether the taxpayers return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
   (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 110, but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.
   26 U.S.C. § 6103(b)(2).

disclosure of *first-party* return information to the taxpayer only "if the Secretary determines that such disclosure would not seriously impair Federal tax administration."[2] There is no exception to section 6103's general prohibition against disclosure, however, for *third-party* return information. The 34 documents containing third-party return information are therefore precluded from release by section 6103(a).

With respect to the 150 documents of first-party return information, the uncontroverted affidavit of Robert M. McKeever, Director of the Internal Revenue Service for the Austin District, states that disclosure of this information would seriously impair federal tax administration, as it would "impair the ongoing enforcement proceeding against plaintiff by prematurely revealing the scope, direction and limits of the government's investigation, thereby enabling him to construct defenses, tamper with potential evidence, or otherwise frustrate the continuing investigative process." In addition, the uncontroverted affidavit of David Ackley, Special Agent with the Criminal Division of the Internal Revenue Service assigned to the investigation of plaintiff's tax affairs, provides that release of the documents would interfere with investigation of the plaintiff because they contain "prospective evidence, prospective witnesses, investigative leads, the specific transactions being investigated, the investigator's theories and thought processes, government strategy, and the direction,

scope, and limits of the Government's investigation." On the basis of these affidavits, the court is of the opinion that release of the 150 documents constituting first party return information would seriously impair federal tax administration, and is therefore precluded by sections 6103(a) and 6103(e)(7) of the Internal Revenue Code.[3]

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment be, and the same hereby is, GRANTED.

2. Section 6103(e)(7) provides, in full:
Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal tax administration.
26 U.S.C. § 6103(e)(7).

3. Even if the FOIA were to govern disclosure of the documents at issue, all of the documents would be exempt from disclosure. Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3), provides that the FOIA disclosure requirements do not apply to matters that are specifically exempted from disclosure by statute, if that statute:

(A) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. The 150 documents containing first-party tax return information would be exempt from disclosure under section 6103(e)(7) of the IRC as incorporated by exemption 3(B) of the FOIA. *Chamberlain v. Kurtz*, 589 F.2d 827 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Chermack v. IRS*, C.A.No. 80–0164–C (N.D.Tex. Feb. 13, 1981). The 34 documents relating to third-party tax return information would be exempt from disclosure under section 6103(a) of the IRC are incorporated by exemption 3(A) of the FOIA.