**Douglas L. HEINSOHN, et al.**

v.

**INTERNAL REVENUE SERVICE, et al.**

**Civ. No. 3–82–420.**

United States District Court, E.D. Tennessee, N.D.

Dec. 21, 1982.

Dale C. Allen, Kitty G. Grubb, Knoxville, Tenn., for plaintiffs.

John W. Gill, U.S. Atty., Robert E. Simpson, Asst. U.S. Atty., Knoxville, Tenn., Sarah Hunt, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action pursuant to the Freedom of Information Act, (FOIA), 5 U.S.C. § 552, to require defendants to turn over documents within the possession and control of the Internal Revenue Service. The Court has considered a Vaughn Index and affidavits filed by the defendants as well as briefs in support of the positions of both parties. At oral argument, the parties agreed that defendants would submit the disputed eleven documents to the Court for *in camera* inspection. A review of the record now before the Court reveals that plaintiffs' request must be denied.

On December 3, 1981, plaintiffs, by letter, requested copies of records relating to the computation of their gross sales figures for the taxable years 1976, 1977, and 1978. Plaintiffs' tax liability for these years had been the subject of both a civil tax examination and criminal tax investigation. Defendants denied plaintiffs' FOIA request on December 21, 1981. Defendants had already furnished over 151 pages of records relating to plaintiffs' tax liability. Defendants released additional documents in 1982. They continue, however, to withhold three pages of documents in their entity and eight redacted pages; these pages are the subject of this lawsuit.

Defendants assert initially that they may withhold the documents pursuant to the Internal Revenue Code, 26 U.S.C. § 6103(e)(7). This section provides as follows:

(7) *Return information.*—Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer *if the Secretary determines that such disclosure would not seriously impair Federal tax administration.* (emphasis added).

*Id.* Defendants say that disclosure of the eleven documents would seriously impair federal tax administration.

Several courts have held that § 6103 is the sole standard governing the disclosure or nondisclosure of the tax return information. *See Zale Corp. v. Internal Revenue Service,* 481 F.Supp. 486 (D.D.C.1979); *see also, White v. Internal Revenue Service,* 528 F.Supp. 119, 121–124 (N.D.Ohio 1981) and cases cited therein. These courts have applied a highly deferential standard of review to the agency's decision to withhold information. *See Id.* They have considered only (1) whether the withheld documents are return information and (2) whether there was an abuse of discretion in determining that disclosure would seriously impair tax administration. *See White,* 528 F.Supp. at 122.

■ A review of the Vaughn Index and the documents themselves clearly shows that the documents are comprised of return information within the definition of the Internal Revenue Code § 6103(b)(2). Return information is defined as:

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and

(B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110, but such term does

not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer . . .

*Id.*

The affidavits of Internal Revenue Disclosure Officer James M. Hare and Special Agent James J. White support the Secretary's decision that the disclosure of the documents could reveal a confidential informant in the criminal investigation. The documents contain detailed data that could only have been obtained by certain persons. It is at least highly possible that plaintiffs could trace the identity of the informant by discovering who had access to the data. The Secretary's decision that revealing the confidential source would seriously impair federal tax administration was not arbitrary or capricious. *See Nix v. United States,* 572 F.2d 998 (4th Cir.1978); *Lamont v. Department of Justice,* 475 F.Supp. 761 (S.D.N.Y.1979). Since the disputed documents could reveal the source, plaintiff has failed to show that the Secretary's decision should be overturned pursuant to the Internal Revenue Code as applied in *Zale,* 481 F.Supp. 486.

█ Plaintiffs maintain, however, that the FOIA controls in this case. Defendants would, therefore, have the burden of demonstrating why the documents are exempt from the broad disclosure mandate of the FOIA. 5 U.S.C. § 552. Defendants contend that if the FOIA controls, § 6103 is subject to but exempt from the FOIA by 5 U.S.C. § 552(b)(3). This section provides that disclosure is not required of matters

> specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

Prior to *Zale,* the Sixth Circuit held that § 6103 is a statute within the meaning of exemption (b)(3). *Fruehauf v. Internal Revenue Service,* 566 F.2d 574 (6th Cir. 1977). We conclude defendants have established that the confidential informant information is exempt under this analysis as well as under § 6103 alone.

█ Defendants also claim that the data falls within exemptions (b)(7)(C) and (b)(7)(D) of the FOIA. These subsections provide for nondisclosure of

> (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source . . .

Agent White's affidavit indicates that the data in dispute was obtained only from confidential sources during the course of the criminal investigation. Since the information itself in plaintiffs' hands would tend to disclose the source, it falls within exemption (b)(7)(D). *See Lame v. Department of Justice,* 654 F.2d 917 (3rd Cir.1981). We need not determine whether disclosure would constitute an unwarranted invasion of privacy under (b)(7)(C).

In conclusion we find that the requested data is exempt from disclosure under the more stringent FOIA standards as well as under 26 U.S.C. § 6103 alone. Accordingly, it is ORDERED that defendants' motion for summary judgment be, and the same hereby is, granted.

Order Accordingly.