**Hubert L. BELISLE, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

No. CIV–77–0881–D.

United States District Court,
W. D. Oklahoma.

May 5, 1978.

Hubert L. Belisle, pro se.

John E. Green, Acting U. S. Atty., Oklahoma City, Okl., Michael J. Kearns, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is a pro se action brought by the Plaintiff under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, wherein Plaintiff seeks to compel Defendant to produce "the results of an investigation by the Internal Revenue Service into an alleged vio-

lation of 501(c)(3) Title 26 U.S.Code, by the American Institute of Discussion, a tax exempt organization under the above cited code." Plaintiff's request for this information was denied initially on March 7, 1977, by the office of the District Director of the Internal Revenue Service (IRS) and again on appeal by the Acting Commissioner of the IRS on May 9, 1977, on the grounds that the information sought by Plaintiff was exempt from disclosure under 5 U.S.C. § 552(b)(3).[1] Plaintiff then brought the instant action pursuant to 5 U.S.C. § 552(a)(4)(B).[2]

Pursuant to Rule 56, Federal Rules of Civil Procedure, Defendant has filed herein a Motion for Summary Judgment and a Brief in support thereof. Plaintiff has filed a Brief in opposition to said Motion and both Plaintiff and Defendant have filed supplemental Briefs. On April 26, 1978, a hearing was held on Defendant's Motion.

In support of his Motion Defendant contends that the material sought by Plaintiff is specifically exempted from disclosure by 26 U.S.C. §§ 6103 and 7213 and is therefore exempt from disclosure under § 552(b)(3). Plaintiff contends that the information he seeks is not exempt from disclosure under said statutes.

26 U.S.C. § 6103(a) provides that tax "returns" and "return information" as defined in 26 U.S.C. §§ 6103(b)(1) and 6103(b)(2) respectively shall be confidential and may not be disclosed except as authorized by the Internal Revenue Code. "Return information" is defined by § 6103(b)(2) to include:

"whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, ·or offense, . . ."

None of the exceptions to the nondisclosure requirement of § 6103 applies in the instant case. Furthermore, it has been held that although 26 U.S.C. § 6104(a)(1)(A) requires the information returns of organizations exempt from taxation under 26 U.S.C. § 501(c) (as is the American Institute of Discussion) to be available for public inspection, § 6104(a)(1)(A) does not encompass IRS investigation files related to such organizations.[3] *Slotnick v. Commissioner of Internal Revenue,* 566 F.2d 1167 (1st Cir.

1. Under 5 U.S.C. § 552(b)(3), the FOIA does not apply to matters that are:
   "specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld; . . ."

2. 5 U.S.C. § 552(a)(4)(B) provides as follows:
   "(B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part

thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action."

3. Under 26 U.S.C. § 6104(a)(1)(A), the application for *tax exempt status of an organization* exempt from taxation under 26 U.S.C. § 501(c) "together with any papers submitted in support of such application and any letter or other document issued by the Internal Revenue Service with respect to such application" is available for public inspection. Similarly, annual information returns required to be filed by tax exempt organizations are available for public inspection under 26 U.S.C. § 6104(b). In the instant case, Plaintiff seeks "the results" of an IRS investigation of the tax exempt status of the American Institute of Discussion and not information concerning the application for tax exempt status and related documents or an annual information return filed by the American Institute of Discussion all of which are presently available for Plaintiff's inspection under the foregoing statutes.

1977) (per curiam).[4] Therefore, the Court finds and concludes that the investigation "results" sought by Plaintiff herein come within § 6103 and are not made available for disclosure by § 6104. Accordingly, the information sought by Plaintiff is exempted from disclosure under FOIA by 5 U.S.C. § 552(b)(3).

In view of the foregoing and as the Court is satisfied that no genuine issues of material facts are present in this case, the Court determines that Defendant is entitled to judgment as a matter of law and that Plaintiff's action should be dismissed. Rule 56, *supra; Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202 (Tenth Cir. 1977); *Williams Petroleum Co. v. Midland Cooperatives, Inc.,* 539 F.2d 694 (Tenth Cir. 1976); *Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230 (Tenth Cir. 1975); *Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 494 F.2d 168 (Tenth Cir. 1974).

---

4. Rule 17(c) of the Rules of the Tenth Circuit permits citation of unpublished opinions as precedent.