Waldemar O. BREUHAUS,
Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE,
Defendant-Appellee.

No. 50, Docket 79–6078.

United States Court of Appeals,
Second Circuit.

Argued Sept. 17, 1979.
Decided Oct. 31, 1979.

Leonard J. Klaif, Buffalo, N.Y., for plaintiff-appellant.

Murray S. Horwitz, Atty., Dept. of Justice, Washington, D.C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D.C., Richard J. Arcara, U.S. Atty. for the Western District of New York, Buffalo, N.Y., of counsel), for defendant-appellee.

Before FEINBERG, MANSFIELD and TIMBERS, Circuit Judges.

MANSFIELD, Circuit Judge:

Waldemar Breuhaus appeals from a summary judgment entered on March 13, 1979, by Chief Judge John T. Curtin of the District Court for the Western District of New York, denying appellant's request for disclosure by the Internal Revenue Service of a letter dated January 28, 1976, from Donald C. Alexander, former Commissioner of the Internal Revenue Service (IRS), to Congressman Charles A. Vanik, Chairman of the House Ways and Means Committee. We affirm the judgment below.

The Internal Revenue Code of 1954 divides tax exempt foundations into two classifications for tax purposes: private foundations (the activities of which are closely regulated) and all others (which are less closely regulated). The latter category includes such groups as charities, alumni organizations, and the Boy Scouts. See H.Rep.No. 91–413, 91st Cong. 1st Sess., reprinted in [1969] U.S.Code Cong. & Admin. News, pp. 1645, 1685–86. If a private foundation, defined in § 509 of the Code, chooses to give up its tax exempt status, it must first pay a "termination tax" under § 507 of the Code, returning all of the tax benefits it received by virtue of that status. The purpose of § 507 is to prevent organizations from accumulating their endowments while sheltered from taxes, then giving up their exemption and spending their money in ways previously forbidden them. *Id.* at 1683.

Cornell Aeronautical Laboratory Inc. (CAL) was for many years exempt from taxation under § 501(c)(3) of the Code. In 1972 it sought to terminate that status. The IRS, upon application, determined that CAL was not a private foundation and therefore was not liable for a termination tax. In 1976, long after these events had concluded, the Commissioner of the IRS, responding to an inquiry, wrote a letter to Congressman Charles A. Vanik explaining the 1972 determination. In September 1977 appellant Breuhaus requested a copy of his letter from the IRS. His request was refused on the basis of Code § 6103(a), which provides that "[r]eturns and return information shall be confidential."[1] Thereafter appellant brought the present action to compel the IRS to disclose the letter and on March 13, 1979, Judge Curtin filed a decision and order upholding the decision of the IRS. It is from that holding that Breuhaus now appeals.

## DISCUSSION

Breuhaus does not question the classification of the letter as "return information" which the IRS would ordinarily be required by § 6103(a) to keep confidential. However, he claims that disclosure is required by § 6104 of the Code and the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The IRS denies the applicability of § 6104 and argues that the letter is exempted from the disclosure requirements of FOIA by an exception, 5 U.S.C. § 552(b)(3), the language of which incorporates § 6103(a) of the Code.

*Disclosure under I.R.C. § 6104*

Section 6104(a)(1)(A) of the Code, upon which appellant relies, states:

---

1. Section 7213 of the Internal Revenue Code provides criminal sanctions for the improper release of confidential tax information.

If an organization described in section 501(c) or (d) is exempt from taxation under section 501(a) for any taxable year, the application filed by the organization with respect to which the Secretary made his determination that such organization was entitled to exemption under section 501(a), together with . . . any letter or other document issued by the Internal Revenue Service with respect to such application shall be open to public inspection. . . .

CAL is undisputedly an organization described in § 501(c). Section 501(a) provides that any "organization described in subsection (c) . . . shall be exempt from taxation under this subtitle unless such exemption is denied under section 502 or 503."

■ Appellant argues that § 6104(a)(1)(A) requires disclosure not only of documents pertaining to a "determination that such organization was entitled to exemption under section 501(a)" but also of documents relating to whether an organization granted exemption under § 501(a) is exempt from payment of a termination tax under § 507 of the Code. We disagree. In our view § 6104(a)(1)(A) applies only to documents dealing with whether the organization is to be granted a tax exempt status and not whether it must pay a termination tax, which is a different matter.

Appellant rests his contention principally on that language of § 501(a), *supra*, which exempts the organization from taxation "under this subtitle," arguing that the termination tax, as well as normal taxes, is imposed under the subtitle. The fault with this logic is that although § 501(a) states that it grants an exemption from taxation "under this subtitle," it is not referring to

the termination tax. If we interpreted the § 501(a) exemption to include exemption from the termination tax, that would mean that *every* tax exempt organization would be exempt from that tax. But the very purpose of the termination tax is to recover tax benefits accorded certain exempt organizations prior to their losing their tax exempt status. Under appellant's reading of § 501(a), no organization could ever be liable for a termination tax. This absurd result is certainly not what Congress intended when it created the termination tax in 1969.

We therefore conclude that the § 501(a) exemption does not include exemption from the termination tax. Thus, the disclosure requirement of § 6104(a)(1)(A) does not reach determinations concerning exemption from that tax.[2]

*Disclosure under FOIA*

■ Appellant's second line of argument calls for disclosure under FOIA, 5 U.S.C. § 552, which makes available to the public many government-held records and documents. Nine exceptions are enumerated in § 552(b). The third of these excepts

matters that are . . . specifically exempted from disclosure by statute . . . , provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld . . . .

5 U.S.C. § 552(b)(3). One such statute is § 6103(a) of the Internal Revenue Code, which provides that "[r]eturns and return information shall be confidential," defining return information to be:

---

**2.** We have further reason to doubt the applicability of § 6104(a)(1)(A) in this situation, for the IRS letter appears not to satisfy the requirement that it be "issued" by the IRS with respect to an application. When Congress in 1976 mandated disclosure of documents "issued" by the IRS, Pub.L. 94–455, § 1201(d)(1)(A), 90 Stat. 1667, it intended to make available to the public private IRS rulings, which would consist principally of IRS determination letters accepting or rejecting applications made by taxpayers for tax exempt

status. See S.Rep.No. 94–938, 94th Cong., 2d Sess.—Part I, at pp. 303–07, reprinted in [1976] U.S.Code Cong. & Admin.News, pp. 2897, 3732–36. There is no indication that intragovernmental communications which are not part of the application for a tax exempt status were meant to be comprehended by these provisions, particularly when the communications take place long after the IRS has taken final action on the application with respect to which the request purports to be made.

a taxpayer's identity, the nature, source, or amount of his income . . . or any other data, received by, recorded by, *prepared by,* furnished to, or collected by *the Secretary with respect to a return or with respect to the determination of the existence, or* possible existence, *of liability* (or the amount thereof) *of any person under this title for any tax* . . . . (emphasis supplied).

26 U.S.C. § 6103(b)(2)(A). The government argues that the requested document falls within this exception, and the district court agreed. Breuhaus responds that § 6103 is inapplicable to organizations exempt from taxes under § 501(c).

The government has the burden of proving that the letter is within an exception to FOIA. *Tax Analysts & Advocates v. IRS,* 164 U.S.App.D.C. 243, 246, 505 F.2d 350, 353 (D.C.Cir.1974); *Luzaich v. United States,* 435 F.Supp. 31, 35–36 (D.Minn.), *aff'd,* 564 F.2d 101 (8th Cir. 1977). If a document constitutes "return information" under § 6103, it comes within FOIA exception three. *Fruehauf Corp. v. IRS,* 566 F.2d 574, 578 (6th Cir. 1977); *Lobosco v. IRS,* 78–2 U.S.Tax Cas.Par. 9578 (E.D.N.Y.1978); *Belisle v. Commissioner,* 462 F.Supp. 460, 462 (W.D.Okl.1978); *Grenier v. IRS,* 449 F.Supp. 834, 840 (D.Md.1978).

The letter clearly comes within the literal definition of return information, for it is a document "prepared by . . . the Secretary with respect to . . . the existence, or possible existence, of liability . . . of any person under this title for any tax . . . ." Appellant does not deny this, but argues that since other sections of the Code require extensive disclosure of financial information by tax exempt organizations, it makes no sense to read § 6103 to protect the return information of those organizations.

It is true that exempt organizations, except for those with a religious purpose and certain others with gross annual receipts under $5,000, must submit an annual return itemizing gross income receipts, disbursements, and such other information as the IRS may prescribe, see 26 U.S.C. §§ 6104(b), 6033(a)(1), (b), and that these returns are open for public inspection, *id.* § 6104(b). Nevertheless we reject appellant's argument that IRS documents pertaining to tax exempt organizations are therefore unprotected by § 6103. Were we to accept this interpretation, *every* IRS document relating to these organizations would be open to disclosure. Neither § 6104(b) nor § 6033(a)(1), (b) refers to a document relating to an application for a tax exempt status. Moreover, Congress, in amending § 6104(a) of the Code in the Tax Reform Act of 1976, see note 2 *supra,* carefully limited the provision for public access to materials which do not include that type of document. Appellant's reading of § 6103 would render those guidelines meaningless. We must therefore conclude that § 6103 applies to tax exempt organizations along with all others, and that the documents in dispute here come within exception three of FOIA.

Accordingly we hold that appellant is not entitled to disclosure of the IRS letter either under § 6104 of the Code or under FOIA and affirm the decision of the district court.