William J. **LEHRFELD**, Plaintiff,

v.

Margaret Milner **RICHARDSON**, et al., Defendants.

Civil Action No. 94–238 (EGS).

United States District Court, District of Columbia.

Dec. 10, 1996.

**10**

Bruce L. Stern, Washington, DC, for William J. Lehrfeld.

Eric S. Goldstein, Jean H. McMahon, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Michael Joseph Salem, U.S. Dept. of Justice, Tax Division, Washington, DC, for Margaret Milner Richardson, I.R.S.

Eric S. Goldstein, Jean H. McMahon, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Erika A. Kelton, Phillips & Cohen, Washington, DC, for South Africa Free Elections Fund, Theodore C. Sorenson.

### *MEMORANDUM OPINION*

SULLIVAN, District Judge.

This matter is before the Court on the defendant Internal Revenue Service's ("IRS") motion for summary judgment and plaintiff's cross motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Upon consideration of the pleadings and the arguments of counsel, defendant's motion for summary judgment is **GRANTED** and plaintiff's motion for partial summary judgment is **DENIED**.

### I. FACTS

In a September 7, 1993 letter to the IRS, plaintiff, through his attorney, Bruce L. Stern, requested documents relating to the application of the South African Free Election Fund ("SAFE") for tax-exempt status. The letter specifically made the request pursuant to Section 6104 of the Internal Revenue Code ("IRC"). The letter made no mention of the Freedom of Information Act ("FOIA"). Included with the letter was a complete IRS Form 4506–A, which named Bruce Stern as the requester.

In response to plaintiff's request, IRS personnel located SAFE's administrative exemption application file and provided disclosable background material to plaintiff. In a September 27, 1993 letter to the IRS, Stern acknowledged receipt of some documents, but stated that he had not received all of the documents that should have been in SAFE's IRS file. This letter again referenced Section 6104 as the authority for release of the requested documents. While Stern did not specifically cite to FOIA in this letter, he did request documents that were outside the scope of 6104; Stern also requested a Vaughn Index of documents withheld.

In a December 2, 1993 letter to Stern, the IRS acknowledged that it had not provided to plaintiff some of the documents available

and transmitted those omitted documents with the letter. In that letter, the IRS also stated that certain documents could not be released because they were outside the scope of Section 6104 and protected from disclosure under Section 6103. The specific documents withheld include:

(1) request for IDRS Input for BMF/EO Entity Change (Form 2362–A);

(2) internal "Technical Screening" memorandum providing recommendation on exemption application;

(3) cover sheet indicating priority status of the application because of 26 U.S.C. § 7428 (1988) applicability;

(4) Exempt Organization Record (Form 5548), which records information identifying application and pertinent information regarding its status;

(5) internal memorandum from the Baltimore District Director to Exempt Organizations, National Office, forwarding SAFE's exemption application for National Office consideration;

(6) internal routing slip to the file regarding the location of SAFE's books and records;

(7) internal tracking sheet tracking SAFE's exemption application while at the Baltimore district office;

(8) Special Handling Notice (Form 3198) prepared as application was being forwarded from Baltimore District to National Office;

(9) internal Exempt Organization Case Transmittal Sheet;

(10) Case Chronology Record (Form 5464); and

(11) EO Technical Screening Sheet.

Plaintiff filed this action against IRS alleging violations of FOIA and IRC § 6104.[1] Defendant IRS has moved for summary judgment. Plaintiff cross-motioned for partial summary judgment on the FOIA issue and he opposes IRS's motion for summary judgment on the Section 6104 issue on the

ground that the reasonableness of IRS's search is a genuine issue of material fact.

In its motion for summary judgment, the IRS contends that plaintiff did not make a FOIA request, but only requested the documents under Section 6104. It is clear that the letters submitted by plaintiff's attorney requesting the documents, specifically made reference to Section 6104, and failed to specifically reference FOIA as the authority under which the documents were being requested. Plaintiff did, however, request documents that are only available under FOIA, and also requested a Vaughn Index of the documents withheld. Although the Court is not entirely convinced that plaintiff's request should have been construed as a FOIA request by IRS, in view of the Court's conclusion that the documents are exempted from disclosure under FOIA, the Court assumes, without deciding, that plaintiff's request was one for documents under both FOIA and Section 6104.

## II. STANDARD OF REVIEW

 In seeking summary judgment, the moving party must show that no genuine dispute of material fact exists and that it is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA by showing "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *National Cable Television Ass'n, Inc. v. Federal Communications Comm'n*, 479 F.2d 183, 186 (D.C.Cir.1973); *see also Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir.1982). If the government agency seeks summary judgment based on a claim that the withheld documents are exempt under FOIA, the agency "must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant

---

1. Plaintiff initially named SAFE as a defendant in this action, but voluntarily dismissed the complaint against SAFE on September 26, 1996.

and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Cent., Inc. v. United States Dept. of Air Force*, 566 F.2d 242, 251 (D.C.Cir.1977). Moreover, the adequacy of an agency's search for requested documents is judged by a standard of reasonableness, i.e., "the agency must show beyond material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S Dept. of Justice*, 705 F.2d 1344, 1351 (D.C.Cir. 1983). The search need only be reasonable, not exhaustive. *See, e.g., Shaw v. U.S. Department of State*, 559 F.Supp. 1053, 1057 (D.D.C.1983).

The appropriate standard of review of a request for documents under Section 6104 of the IRC has not been articulated by Congress or the courts. IRS claims that the appropriate standard of review is the "arbitrary and capricious" standard. Plaintiff claims that the Court should apply the same "reasonableness" standard which is applied to FOIA requests. In the Court's view, the arbitrary and capricious standard and the reasonableness standard are essentially similar standards of review. Indeed, in the context of this case, application of either would produce the same result. Because plaintiff is alleging that IRS's search was not reasonable, the Court will apply the reasonableness standard of review to IRS's search for documents pursuant to plaintiff's Section 6104 request.

## III. DISCUSSION

### A. *Request For Documents Under FOIA*

Plaintiff argues that IRS improperly withheld certain tax exemption application documents. The IRS contends that the documents withheld are exempt from disclosure under FOIA pursuant to Exemption 3 and Section 6103 of the IRC. Exemption 3 exempts from FOIA, public records "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Section 6103 provides that returns and return information shall be confidential and prohibits "except as authorized" the disclosure of return or return information. 26 U.S.C. § 6103(a). It is well-settled that Section 6103 is an exemption

statute under Exemption 3 of the FOIA. *See Church of Scientology of California v. Internal Revenue Service*, 792 F.2d 146, 149–50 (D.C.Cir.1986), *aff'd*, 484 U.S. 9, 11, 108 S.Ct. 271, 272–73, 98 L.Ed.2d 228 (1987).

■ Plaintiff does not dispute that Section 6103 constitutes an exemption under FOIA, but rather, argues that Section 6103 is inapplicable to tax-exempt organizations. Plaintiff has failed to cite any authority for such a proposition. Indeed, the case law suggests otherwise. *See Breuhaus v. Internal Revenue Service*, 609 F.2d 80, 83 (2d Cir.1979) (holding that a letter in reference to a tax-exempt organization was not subject to disclosure because it constituted confidential return information under Section 6103); *Belisle v. Commissioner*, 462 F.Supp. 460, 462 (W.D.Okl.1978) (holding that IRS investigation results of a tax-exempt corporation were confidential under Section 6103). The Court, therefore, rejects plaintiff's claim that because SAFE is a tax-exempt organization, it is not protected under Section 6103 from disclosure of confidential returns and return information.

■ Plaintiff also contends that even if Section 6103 is applicable to tax-exempt organizations, the documents withheld in this case are not exempt under Section 6103 because they cannot be characterized as "returns" or "return information." While IRS agrees that the documents withheld are not "returns," it contends that they are "return information."

Section 6103(b) (2)(a) defines "return information" as

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or by any data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or the possible existence of liability (or the amount thereof) of any per-

son under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense....

26 U.S.C. § 6103(b)(2).

In arguing that the documents withheld are not "return information", plaintiff maintains that the tax-exempt application documents cannot be characterized as "return information" because they "relate solely to the IRS' *initial* determination as to whether SAFE qualified for tax-exempt status and do not relate to a determination as to whether SAFE is liable for any tax, penalty, interest or fine nor to whether its returns are under examination." Pl. Opp. at 35 (emphasis in original). IRS argues, and the Court concurs, that the proceeding involving the determination of an organization's tax-exempt application is an investigation of the taxpayer by the IRS directly related to that organization's tax liability. "Return information" is defined broadly by the statute to include almost any information compiled by the IRS in connection with its determination of a taxpayer's liability. An official inquiry into the qualification of an organization for tax-exempt status, even the initial inquiry, is an IRS investigation related to that organization's tax liability. Thus, the Court holds that the broad definition of "return information" is sufficient to include documents produced during an initial IRS investigation of an organization seeking tax-exempt status. The Court concludes, therefore, that the documents withheld by IRS are exempt from FOIA under Exemption 3 and Section 6103 and were properly withheld.

### B. *Request For Documents Under Section 6104*

IRS also seeks summary judgment on plaintiff's claim that IRS failed to comply with the statute when plaintiff requested documents pursuant to Section 6104 of the IRC. Plaintiff claims that IRS failed to conduct a reasonable search and that the reasonableness of IRS's search is a genuine issue of material fact that precludes the Court from granting IRS's motion for summary judgment on this issue. Plaintiff claims that IRS should have conducted a search for all documents submitted in support of SAFE's tax exemption application. In support of his claim that IRS was required to search for all documents submitted in support of SAFE's application, plaintiff contends that the statutory language of Section 6104 requires production of "any" document in support of the tax exemption application.

Section 6104(a) (1)(A) provides that "the application filed by the organization ... together with any papers submitted in support of such application, and any letter or other document issued by the Internal Revenue Service ... shall be open to public inspection." 26 U.S.C. § 6104(a)(1)(A). The regulations promulgated pursuant to Section 6104 provide that "the application for tax exemption upon which the determination [of tax exemption] is based, together with any supporting documents, is open to public inspection." 26 C.F.R. § 301.6104(a)–1(a). The term "supporting documents" is defined by the relevant regulation as "any statement or document not described in paragraph (d) of this section that is *submitted by an organization in support of its application*." 26 C.F.R. § 301.6104(a)–1(e) (emphasis added). Thus, reading the statute and regulation together, the only documents available for disclosure under Section 6104 are the tax-exempt application and the documents submitted *by the organization seeking tax-exempt status.*

Plaintiff urges the Court to disregard the limiting language in the regulation, arguing that the statute is clear and unambiguous, and that the regulations conflict with the language of the statute. Precedent of longstanding, however, precludes the Court from reaching the conclusion advocated by plaintiff. The Supreme Court has held that "Treasury regulations ... long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law." *Cottage Savings Ass'n v. Commissioner,* 499 U.S. 554, 561, 111 S.Ct. 1503, 1508, 113 L.Ed.2d 589 (1991) (quoting *Helvering v. Winmill,* 305 U.S. 79, 83, 59 S.Ct. 45, 46, 83 L.Ed. 52 (1938)). Section 6104 was amended on two occasions after the Department of the Treasury promulgated § 301.6104(a)–1.

**14**

Because Congress did not override the regulation, Congress has in essence approved the interpretation by the Department of Treasury. *See id.* Having not been overridden by Congress, the regulation in this case should have the effect of law. *See id.* Pursuant to the statute and regulations, therefore, IRS must disclose supporting documents submitted only by the tax-exempt organization, itself, not by third parties. 26 U.S.C. § 6104(a)(1)(A); 26 C.F.R. § 301.6104(a)–1(a), (e).

In searching for documents filed by SAFE in support of its exemption application, the IRS searched the file maintained to contain such information—SAFE's tax exemption application file. Plaintiff was provided with all but eleven documents that were appropriately withheld as confidential under Section 6103. The Court concludes that IRS's search for documents requested under Section 6104 was reasonable.

## IV. CONCLUSION

Defendant IRS's motion for summary judgment is **GRANTED**. Plaintiff's motion for summary judgment is **DENIED**.