*Checksfield v. Internal Revenue Serv.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

KEVIN D. CHECKSFIELD,

      *Plaintiff-Appellant,*

    v.                                           24-2786

INTERNAL REVENUE SERVICE,

      *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | KEVIN D. CHECKSFIELD, *pro se*, Syracuse, NY. |
| For Defendant-Appellee: | SAMUEL P. JONES, Michael J. Haungs, Tax Division, Department of Justice, Washington, DC. |

John A. Sarcone III, Acting
United States Attorney.

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Suddaby, *J.*; Lovric, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and September 23, 2024 order of the district court are **AFFIRMED**.

Kevin D. Checksfield, *pro se*, appeals from the district court's entry of judgment in favor of the Internal Revenue Service ("IRS") and its subsequent denial of his Federal Rule of Civil Procedure 60(b) motion. Checksfield alleged below that the IRS violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by denying his request for third-party tax returns. Checksfield and the IRS each moved for summary judgment. The IRS argued that it had properly denied Checksfield's request under 5 U.S.C. § 552(b)(3) and 26 U.S.C. § 6103 because he sought third-party tax returns or return information without those parties' authorization or consent. The district court denied Checksfield's summary judgment motion and granted the IRS's summary judgment motion, largely for the reasons identified by the IRS. *Checksfield v. Internal Revenue Serv.*, No. 21-cv-1180, 2024 WL 21549 (N.D.N.Y. Jan. 2, 2024). Checksfield subsequently moved for relief under Rule 60(b), which the district court also denied. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

---

[1] The district court dismissed Checksfield's original complaint but granted leave to amend. *Checksfield v. Internal Revenue Serv.*, No. 21-cv-1180, 2022 WL 2713499 (N.D.N.Y. Jul. 13, 2022). Checksfield does not challenge this dismissal order. On appeal, Checksfield newly asserts a 42 U.S.C. § 1983 claim against one of the IRS employees involved in the denial of his FOIA request. However, Checksfield never named

* * *

"This Court reviews a district court's grant of summary judgment in FOIA litigation *de novo*." *Spadaro v. U.S. Customs & Border Prot.*, 978 F.3d 34, 42 (2d Cir. 2020). We review discovery rulings, the denial of *in camera* review, and the denial of a Rule 60(b) motion to vacate a judgment for an abuse of discretion. *Jabar v. U.S. Dep't of Just.*, 62 F.4th 44, 48 (2d Cir. 2023) (*in camera* review); *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (Rule 60(b)); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008) (discovery rulings).

We begin with the magistrate judge's discovery rulings. Checksfield seeks to challenge these rulings on appeal, but he waived review of them. "[A] *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge that failure to object within [fourteen] days will preclude appellate review." *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008); *see* Fed. R. Civ. P. 72(a). Here, Checksfield failed to seek review of the discovery rulings from the district court, thereby waiving the right to appellate review.

In any event, Checksfield's challenges to the magistrate judge's discovery rulings are meritless. "In resolving summary judgment motions in a FOIA case, a district court proceeds primarily by affidavits in lieu of other documentary or testimonial evidence." *Long v. Off. of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012). "Affidavits submitted by an agency are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Id.* at 191 (internal quotations omitted). Here, the magistrate judge

this employee as a defendant in the district court and cannot seek to assert a new claim on appeal. *See Green v. Dep't of Educ. of New York.*, 16 F.4th 1070, 1078 (2d Cir. 2021) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotations omitted)).

properly concluded that Checksfield had not yet shown that discovery would be necessary given the narrow legal argument the IRS was raising.

As for the summary judgment motions, the district court properly granted summary judgment to the IRS. "Although FOIA was enacted to promote honest and open government, access to governmental information must be orderly and not so unconstrained as to disrupt the government's daily business." *Spadaro*, 978 F.3d at 42 (citation modified). "To balance these concerns, the statute permits an agency to withhold certain information pursuant to nine exemptions." *Id.* (citing 5 U.S.C. § 552(b)). "Summary judgment is warranted when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Id.* (citation modified).

In this case, the IRS invoked FOIA Exemption 3, under which an agency may withhold material that is "specifically exempted from disclosure by statute . . . if that statute . . . requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3). "To claim this Exemption, the government must demonstrate that: (1) the statute invoked qualifies as an Exemption 3 withholding statute, and (2) the materials withheld fall within that statute's scope." *Spadaro*, 978 F.3d at 42 (citation modified).

Here, the district court correctly concluded that 26 U.S.C. § 6103, which provides that "[r]eturns and return information shall be confidential," is an Exemption 3 withholding statute. *See Breuhaus v. Internal Revenue Serv.*, 609 F.2d 80, 82–83 (2d Cir. 1979). The district court was also correct that the IRS demonstrated that the materials withheld here, to the extent they existed, fall within § 6103's scope. The IRS submitted a sworn declaration, confirming that

4

Checksfield had provided no third-party authorization or consent for the release of the requested tax returns or return information. Checksfield does not dispute that he sought third-party return information without consent. Under these circumstances, federal law prohibits the IRS from disclosing the requested records, whether it acted in bad faith or not.

On appeal, Checksfield largely reiterates his arguments that various circumstances nevertheless authorize release. The district court correctly rejected these arguments. First, Checksfield continues to argue that § 6103(i)(1)(A)(i) entitles him to the requested records. That provision states that "return or return information . . . shall, pursuant to and upon the grant of an ex parte order by a Federal district court judge or magistrate judge . . . , be open . . . to inspection by, or disclosure to, officers and employees of any Federal agency who are personally and directly engaged in" certain criminal investigations. 26 U.S.C. § 6103(i)(1)(A)(i). As the district court explained, this provision has no relevance here because Checksfield is not a federal employee.

Second, Checksfield continues to assert that information in the requested records is segregable, and that the district court should have reviewed the records *in camera*. But again, the district court correctly concluded that these arguments are meritless. The specific materials that Checksfield sought to be segregated—those concerning deductions taken on tax returns—are protected "return information" under § 6103, and therefore cannot be disclosed even if isolated. *See* 26 U.S.C. § 6103(b)(2) ("The term 'return information' means . . . a taxpayer's . . . deductions . . . ."). And the district court did not abuse its significant discretion in declining to undertake *in camera* review here. *See Halpern v. Fed. Bureau of Investigation*, 181 F.3d 279, 292 (2d Cir. 1999).

Finally, the district court did not abuse its discretion in denying Checksfield's Rule 60(b) motion, which largely reiterated his previous arguments and fell far below the bar for Rule 60(b)

5

relief.

*     *     *

We have considered Checksfield's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment and September 23, 2024 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk